**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Beth Jones, | No. CV-22-08102-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Flagstaff Unified School District, et al., | |
| Defendants. | |

In minute entries dated March 11, 12, and 20, 2024 (Docs. 97 and 99) the Court authorized Plaintiff to file motions on certain discovery issues that could not be resolved through the Court's ordinary telephonic conference procedure due to factual disputes between the parties. The Court explained that any such motion must (1) identify the precise discovery issue(s) Plaintiff would like the Court to address, (2) attach relevant evidence to support Plaintiff's factual assertions, and (3) identify the specific relief Plaintiff would like from the Court. (*See* Doc. 97 at 2.) Plaintiff has since filed seven motions, which the Court will address below.

**1. "Motion for Relief From Abusive Contact From Don Johnsen" (Doc. 108)**

In this motion, Plaintiff accuses Defense counsel, Don Johnsen, of violating the Court's February 1, 2024, order limiting the parties' communication to emails only, at a limit of three emails per day per side. (Doc.84.) Plaintiff claims that Mr. Johnsen violated the order by demanding four in-person meetings, by calling her, and by emailing her more

than three times per day. Plaintiff's motion is denied because she provides no evidence to support her accusations and she does not explain what relief she is seeking.

### 2. "Motion for Relief on Deposition of Katchee Mitchell, Tony Cullen, Jeanine Brandel" (Doc. 109)

In this motion, Plaintiff requests reimbursement for expenses associated with hiring a court reporter and ordering transcripts for deposing three witnesses—Katchee Mitchell, Tony Cullen, and Jeanine Brandel—who Plaintiff claims would have spoken with her voluntarily but for interference by Mr. Johnsen. Plaintiff's motion is denied for two reasons: First, Plaintiff provides no evidence documenting her alleged expenses. Indeed, Defendant explains in its response brief that it has agreed to reimburse Plaintiff for the fees associated with the depositions of Ms. Brandel and Mr. Mitchell if she provides documentation of those expenses. (Doc. 115.) According to Defendant, Plaintiff has thus far refused to do so. Second, Plaintiff provides no evidence supporting her accusation that Mr. Johnsen prevented her from speaking to Mr. Cullen outside the context of a deposition, or that Mr. Cullen would have spoken with her voluntarily about this case.

### 3. "Motion for Relief on Holly Jones Deposition" (Doc. 110)

In this motion, Plaintiff asks that her own deposition be "thrown out" because, in her view, the Court's intervention to resolve a discovery dispute during this deposition was "powerful and impactful" on her. This motion is denied because the Court intervening to resolve a discovery dispute during a deposition is no basis for precluding the use of deposition testimony.

### 4. "Motion for Hearing Officer Report to Be Unsubstantiated and to Not Be Used Against Me Due to Multiple Witness Being Untruthful" (Doc. 111)

In this motion, Plaintiff asks that the Court preclude the use of the report of Susan Cannata, the hearing officer who presided over Plaintiff's due process hearing in 2021, based on Plaintiff's belief that the report is unsubstantiated. This motion is denied for two reasons. First, the mere fact that Plaintiff believes the hearing officer's report is wrong is not a basis for the Court precluding Defendant from using the report as an exhibit. Second,

Plaintiff's motion functionally is a premature motion in limine. If this case proceeds to trial, the parties will have an opportunity to file motions in limine seeking the exclusion of evidence. But at present, this case is not trial-ready, so there is no occasion for the Court to wade into whether certain exhibits might or might not be admissible at trial.

**5. "Motion for . . . Kelsey Karam (Investigation Discipline) and Sussie Cannata (Hearing Officer) to be Reviewed and Thrown Out as Testimony for Both From Audra Gibson was Untruthful and to Consider the Impact Her Lies Have Had" (Doc. 120)**

In this motion, Plaintiff asks that the Court preclude the use of the report of Kelsey Karam, the attorney who Defendant enlisted to investigate complaints that had been lodged against Plaintiff by some of her co-workers, as well as the report of Ms. Cannata, the due process hearing officer. As to Ms. Cannata, the motion is denied because it is duplicative of the previous motion. As to Ms. Karam, the motion is denied for two reasons. First, the mere fact that Plaintiff believes Ms. Karam's report is wrong is not a basis for the Court precluding Defendant from using the report as an exhibit. Second, Plaintiff's motion functionally is a premature motion in limine. If this case proceeds to trial, the parties will have an opportunity to file motions in limine seeking the exclusion of evidence. But at present, this case is not trial-ready, so there is no occasion for the Court to wade into whether certain exhibits might or might not be admissible at trial.

**6. "Motion for Relief on Deposition of Tari Popham" (Doc. 125)**

In this motion, Plaintiff seeks reimbursement for court reporter and transcript costs associated with deposing Tari Popham, arguing that she was not told Ms. Popham would only be available for a couple hours in the morning and, had she known, she would have scheduled the deposition for another day. This motion is denied for two reasons. First, Plaintiff has not provided evidence documenting her alleged expenses. Second, Plaintiff has not provided evidence substantiating her accusations.

**7. "Motion for Contempt on Don Johnsen: Not Following Judge Rayes Communication Order Set on February 1st" (Doc. 140)**

In this motion, Plaintiff again accuses Mr. Johnsen of not following the Court's February 1, 2024, order regarding communication between the parties. This motion is denied for the same reasons her first motion on this topic is denied: Plaintiff does not provide any evidence supporting her accusations and she does not explain what specific relief she wants.

**IT IS ORDERED** that Plaintiff's motions (Docs. 108, 109, 110, 111, 120, 125, and 140) are **DENIED**.

Dated this 24th day of April, 2024.

Douglas L. Rayes
United States District Judge