**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Holly Beth Jones,

        Plaintiff,

v.

Flagstaff Unified School District, et al.,

        Defendants.

No. CV-22-08102-PCT-DLR

**ORDER**

In this lawsuit, Plaintiff Holly Jones accused her former employer, Defendant Flagstaff Unified School District ("the District") of disability-based discrimination and retaliation. (Doc. 11.) After the close of discovery, the District moved for summary judgment on all claims (Doc. 209), which the Court granted (Doc. 272).

Now pending are three motions: (1) Ms. Jones's motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment (Doc. 292), (2) Ms. Jones's motion under Federal Rule of Civil Procedure 60(b) for relief from the final judgment (Doc. 295), and (3) the District's motion for an award of attorney fees (Doc. 277). These motions are fully briefed (Docs. 285, 290, 298, 300, 302, 303). For reasons explained below, all three motions are denied.

## I.      Rule 59(e)

A motion to alter or amend the judgment under Rule 59(e) is, at bottom, a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the

interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988), nor to ask the court to "rethink what the court ha[s] already thought through," *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998).

Ms. Jones argues that the Court's order granting summary judgment for the District should be vacated for three reasons: (1) allegedly newly discovered evidence precludes summary judgment, (2) "multiple issues of fact" exist, and (3) the District's summary judgment motion relied, in part, on "inapplicable law." (Doc. 292.) The Court addresses each argument in turn.

### A. Newly discovered evidence

To obtain relief based on newly discovered evidence, the moving party must show (1) that the evidence existed at the time the Court entered its judgment, (2) it was not discoverable sooner in the exercise of due diligence, and (3) the evidence is of such magnitude that, had it been produced earlier, it likely would have changed the outcome. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

In her motion, Ms. Jones includes a list of various assertions that she believes would prove true at trial. (Doc. 292 at 4-9.) However, the only evidence that Ms. Jones presents to the Court is a Forensic Psychological Evaluation report completed by Dr. David J. McIntyre.[1] (Doc. 295-1.) The report indicates that Ms. Jones engaged Dr. McIntyre for a forensic psychological evaluation to determine whether her ADHD might have impaired her ability to regulate her workplace behavior, contributing to her termination for policy

---

[1] Ms. Jones submitted this report as an exhibit to her Rule 60(b) motion (Doc. 295), not with her Rule 59(e) motion. However, her Rule 59(e) motion refers to this report as newly discovered evidence (Doc. 292 at 9.) The Court therefore considers the report in its analysis of both motions.

violations. (*Id.* at 1.) Dr. McIntyre conducted a clinical interview with Ms. Jones and reviewed her medical records, records related to her employment with and discipline by the District, and records from this case, including discovery materials, the summary judgment briefing, and this Court's order granting summary judgement for the district. (*Id.* at 1-2.) Dr. McIntyre opines that Ms. Jones's ADHD "substantially impaired her ability to conform her behavior to workplace expectations." (*Id.* at 6.)

Dr. McIntyre's report cannot support vacating the summary judgment in favor of the District because Ms. Jones has not shown that this evidence could not have been obtained sooner with due diligence. Ms. Jones filed this case in June 2022. (Doc. 1.) The Court set a fact discovery deadline of March 1, 2024, and an expert disclosure deadline of April 1, 2024.[2] (Doc. 73.) During this time, Ms. Jones had ample opportunity to use normal discovery processes to develop evidence supporting her theory that her ADHD caused her workplace misconduct. For example, to support her response in opposition to the District's summary judgment motion, Ms. Jones relied on a letter from her psychologist, Dr. Della Lusk, in which Dr. Lusk stated that Ms. Jones's impulsivity is consistent with ADHD. (Doc. 272 at 14-15.) Relying on *Alamillo v. BNSF Railway Co.*, 869 F.3d 916 (9th Cir. 2017) and *Adams v. County of Maricopa*, No. 20-17299, 2022 WL 42472 (9th Cir. 2022), the Court found that Dr. Lusk's letter was insufficient to create a genuine issue of material fact. (*Id.* at 15.) But nothing prevented Ms. Jones from using ordinary discovery processes to depose Dr. Lusk or to obtain a more detailed opinion from her before the dispositive motions deadline. And more to the point, nothing prevented Ms. Jones from engaging Dr. McIntyre to perform a forensic psychological evaluation during the ordinary discovery process. Had she done so, the District would have had an opportunity to address this evidence in its summary judgment motion, and the Court could have considered it in ruling on that motion.

Instead, Ms. Jones waited over a month *after* the Court issued its summary judgment order before engaging Dr. McIntyre in an effort to cure the evidentiary deficiencies that the

---

[2] The fact discovery deadline later was extended to the end of May 2024 for the limited purpose of permitting Ms. Jones to complete certain depositions. (Doc. 160.)

Court had identified.[3] She fails to persuasively explain what efforts (if any) she made during the ordinary discovery process to obtain this sort of evidence and why it could not, with reasonable diligence, have been obtained prior to the dispositive motions deadline. *See Phillips v. City of Fairfield*, No. CIVS040377FCD PAN, 2006 WL 335472, at *3 (E.D Cal. Feb. 10, 2006) (denying motion for reconsideration where the plaintiff "proffer[ed] no reason why the expert could not have prepared the declaration submitted with the current motion as evidence in opposition to defendants' motion for summary judgment"). What's more, aside from the summary judgment briefing and this Court's order granting summary judgment, all the records reviewed by Dr. McIntyre were available to Ms. Jones prior to dispositive motions practice. Dr. McIntyre's professional opinion therefore "is not truly newly-discovered," *Id.* at *2, because he could have offered it within the discovery deadline had Ms. Jones been diligent in engaging him.

Rather, what appears to have happened here is Ms. Jones did not diligently develop her evidence during discovery. The District successfully obtained a summary judgment due to the evidentiary shortfalls in Ms. Jones's case. And only then did Ms. Jones make efforts to obtain evidence that would have supported her theory of the case. Under these circumstances, the Court cannot find that Dr. McIntyre's forensic psychological evaluation is newly discovered evidence within the meaning of Rule 59(e).

**B.  Issues of fact**

Next, Ms. Jones lists what she perceives to be various issues of material fact precluding summary judgment. (Doc. 292 at 9-12.) This list does not warrant reconsideration for two reasons.

First, many of the arguments Ms. Jones makes in this section of her brief were already presented to the Court in the original summary judgment briefing. For example, Ms. Jones argues that Tari Popham's deposition testimony differed from her testimony at Ms. Jones's due process hearing (Doc. 292 at 10-11), that several witnesses claimed not to

---

[3] Dr. McIntyre's report indicates that the date of his evaluation was May 8, 2025 (Doc. 295-1 at 1) but also states that he conducted in-person testing of Ms. Jones on May 9, 2025 (*Id.* at 2).

recall certain information during their depositions (*Id.* at 11), and that Ms. Jones received positive performance evaluations while employed by the District (Id. at 12). Ms. Jones made these same arguments in her response in opposition to the District's summary judgment motion. (Doc. 261 at 6-15.) Ultimately, the Court did not find these arguments sufficient to avoid summary judgment. Ms. Jones might disagree with that ruling, but mere disagreement with the Court's decision is not a sufficient basis for obtaining Rule 59(e) relief.

Second, the remaining arguments Ms. Jones makes in this section of her brief merely reflect arguments or issues that Ms. Jones *could have* raised in her response in opposition to the District's motion for summary judgment. But "Rule 59(e) does not allow courts to consider new arguments or evidence that the moving party could have raised prior to the entry of judgment," *Delu v. Comm'r of Soc. Sec. Admin.*, No. CV-21-01849-PHX-DLR, 2024 WL 69638, at *1 (D. Ariz. Jan. 4, 2024), and Ms. Jones fails to offer a persuasive explanation for why she could not have presented these arguments in her original opposition brief. Nor has she shown that these arguments, if made, would have changed the outcome.

### C. The District's legal authorities

Lastly, Ms. Jones faults the District for relying on "inapplicable law" in its summary judgment briefing. (Doc 292 at 13-15.) The Court previously noted the issues with some of the District's legal authorities. (Doc. 272 at 13-14.) The Court ordered (*Id.* at 17) and subsequently obtained (Doc. 278) an adequate explanation from the District. But the Court did not rely on any of this "inapplicable law" in reaching its decision. This is no basis for Rule 59(e) relief.

### D. Conclusion

Ms. Jones's Rule 59(e) motion is denied because it relies on arguments that either were or could have been presented to the Court prior the entry of judgment, and on evidence that could have been obtained during the ordinary course of discovery with the exercise of reasonable diligence.

## II.    Rule 60(b)

The Court may grant a motion for relief from judgment under Rule 60(b) only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997). Ms. Jones's Rule 60(b) motion is predicated on Dr. McIntyre's report, which she contends is newly discovered evidence. (Doc. 295.) Under Rule 60(b)(2) the movant must present "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." For reasons already discussed, Dr. McIntyre's report is not newly discovered evidence because Ms. Jones could have engaged Dr. McIntyre for a forensic psychological evaluation prior to the entry of judgment with the exercise of reasonable diligence. Her Rule 60(b) motion therefore is denied for substantially the same reasons the Court denies her Rule 59(e) motion.

## III.    Attorney Fees

The District moves for an award of $309,352.50 in attorney fees. (Doc. 277.) Ms. Jones asserted claims against the District under the Americans with Disabilities Act ("ADA") and Rehabilitation Act. (Doc. 272 at 6.) These acts grant the Court discretion to award the prevailing party its attorney fees. *See* 42 U.S.C. § 12205 (ADA); 29 U.S.C. § 794(a) (Rehabilitation Act). "However, attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "[A] prevailing defendant should be permitted such fees, not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Carrion v. Yeshiva Univ.*, 535 F.2d 722, 727 (2d Cir. 1976).

Given this high bar, the Court does not find fee-shifting appropriate in this case. Ms. Jones's fundamental theory—namely, that she was terminated instead of accommodated for workplace misbehavior caused by her ADHD—was not unreasonable or frivolous. The Court ultimately concluded that Ms. Jones had not proffered sufficient evidence that her misbehavior was caused by her ADHD to defeat summary judgment. But an unsuccessful claim is not the same as an unreasonable or frivolous one. The District's motion for attorney fees is denied.

**IT IS ORDERED** that Ms. Jones's motion to alter or amend the judgment (Doc. 292), Ms. Jones's motion for relief from the judgment (Doc. 295), and the District's motion for attorney fees (Doc. 277) are **DENIED**.

Dated this 26th day of March, 2026.

Douglas L. Rayes
Senior United States District Judge